## PAIGE v. CHEDSEY et al.

*(City Court of New York, General Term. December 7, 1892.)*

VERDICT—IMPEACHMENT—AFFIDAVITS OF JURORS.

The affidavits of jurors stating that they did not consider the instructions of the trial judge cannot be heard to impeach their verdict on a motion for a new trial.

Appeal from special term.

Action by David S. Paige against Nathan A. Chedsey and another. From an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before McGOWN, VAN WYCK, and McCARTHY, JJ.

*Louis J. Grant,* for appellant. *Henry M. Norton,* for respondents.

McGOWN, J. The trial in the above action was had at a trial term, held in January, 1892, there being but two issues before the jury: (1) Was the plaintiff entitled to recover the sum of $475, the amount claimed? (2) Was there the special agreement between the parties as to the ejectment suit following the action for the award as set up in the counterclaim? The trial resulted in a verdict for defendants in the sum of $5,639.54, the amount set up in defendants' answer as a counterclaim, the sum admitted by the plaintiff's attorney upon the trial to be the value of the services claimed by defendants, in case the jury found that the defendants were entitled to recover upon such counterclaim. The jury, by their verdict, disallowed plaintiff's claim, finding that the defendants were not indebted to the plaintiff in the sum of $475, as claimed in plaintiff's complaint. Upon the trial, the court, among other questions left by it to the jury, charged at the request of plaintiff's attorney as follows: "(3) Before the jury can find a verdict for the defendants, they must find that the plaintiff agreed on November 11, 1886, to pay them a proportionate sum in the ejectment suit, namely, $5,639.54." The attorney for the plaintiff in his moving affidavit claims that the jury did not consider at all the directions of the trial justice, above cited. The presumption is that the jury, in its proper discharge of its duty, followed the instructions of the court, and it is clear that it followed such instructions from the fact that it rendered its verdict (after disallowing plaintiff's claim) for the identical amount named by the trial justice in his charge, and thus found that the plaintiff made the agreement referred to in the charge. The affidavits of the jurors attached to plaintiff's moving papers were evidently disregarded by the justice before whom the motion was made, and properly so, as the principle is well established that jurors cannot be heard by affidavits or otherwise to impeach their verdict. See *Clum* v. *Smith,* 5 Hill, 560; *Williams* v. *Montgomery,* 60 N. Y. 648. Order appealed from must be affirmed, with costs to the respondents. All concur.